LEVI COOK *et al. versus* DANIEL BISBEE
Junior *et al.*

The owner of a parcel of land sold a furnace and other buildings situated thereon, and subsequently leased to the purchaser, his heirs and assigns, the land and water privilege on which the furnace stood, the purchaser covenanting to pay " the sum of $ 10 a year, so long as he should keep the furnace and buildings on the land, in full for the rent of the premises "; but the furnace was suffered by the purchaser to go down, he, however, continuing to pay or tender the rent, and one of the buildings was appropriated to another use. It was *held*, that this was a lease for so long a time as the purchaser, his heirs and assigns, should keep the furnace and buildings on the land ; and that it could not be terminated by the lessor, under these circumstances, until a reasonable time should have been allowed to the purchaser to rebuild the furnace, it not appearing, affirmatively, that he had abandoned it.

THIS action was brought to recover a parcel of land, with the water privilege and appurtenances thereto belonging, situated in Kingston. By the report of a referee it appeared, that on the 19th of April, 1803, John Faunce, the ancestor of the demandants and the original owner of the premises, for the consideration of $ 150, sold and conveyed to George Russell, his heirs, executors, administrators and assigns, the whole of the buildings thereon, which were known by the name of the Kingston furnace, together with the coal-house, pot-house and all the implements and utensils belonging thereto ; that by an indenture between Faunce and Russell, executed on the 13th of July, 1803, Faunce leased to Russell, " his heirs and assigns, the privilege on which Kingston furnace (so called) now stands, with a right to use all the water from the first day of September to the first of the ensuing April, annually ; also, the land on which the buildings now stand ; also, so much land as shall be necessary to lay on stock for said furnace, meaning hereby all the privileges which have heretofore belonged to said furnace, including the use of roads to pass and repass to and from said furnace, with liberty of taking from said land, sand, cinders, or gravel, for the repair of the dam when necessary "; and that Russell covenanted, in such indenture, for himself, his heirs and assigns, to pay to Faunce, his heirs and assigns, " the sum of ten dollars a year, (so long as he shall

Cook
v.
Bisbee.

keep the said furnace and buildings on said land,) in full for the rent of the premises."

It further appeared, that Russell entered into the possession of the furnace and privilege ; that in 1817, a pot-house, built in part from the materials of the old pot-house, was put upon the premises by those then in possession of the furnace ; that the furnace had not been put in blast since 1819 ; that in 1824 the great wheel and utensils were removed, and nothing remained of the furnace except the stack ; and that no use had been made of the pot-house since the furnace had gone down, until it was converted into an auger shop by the tenants ; who succeeded, in 1833, to all the rights and privileges conveyed or leased by Faunce to Russell.

There was no evidence of any act, on the part of the tenants, indicating an intention to rebuild or revive the furnace ; but the rent was paid, agreeably to the covenant in the indenture, up to the 13th of July, 1833, the last payment being made by the tenants ; and it was admitted, that they had since offered to pay the rent as it became due.

On the 11th of December, 1833, notice to quit was given, on behalf of the demandants, to the tenants, who, notwithstanding, continued their possession by occupying the pot-house.

The referee reported, that the demandants were not entitled 'o recover, and his report was accepted by the Court of Common Pleas. The demandants filed exceptions.

*Oct. 26th.* *Warren* and *W. Thomas,* for the demandants, cited *Salisbury* v. *Hale,* 12 Pick. 422 ; *Doe* v. *Dodd,* 2 Nev. & Manning, 838 ; Chambers on Leases, 90 ; *Strong* v. *Benedict,* 5 Connect. R. 210 ; *Folts* v. *Huntley,* 7 Wendell, 210.

*Eddy* and *Beal,* for the tenants, cited *Doe* v. *Dixon,* 9 East, 15 ; *Biglow* v. *Battle,* 15 Mass. R. 313 ; *Luttrel's case,* 4 Co. R. 86 ; *Saunders* v. *Newman,* 1 Barn. & Ald. 262 ; Shep. Touch. 100 ; *Hurd* v. *Cushing,* 7 Pick. 169.

PUTNAM J. afterward drew up the opinion of the Court. The question is, whether the lease made by Faunce to Russell nas terminated. It is drawn inartificially ; but it must be construed most in favor of the lessee, where the words are doubtful. *Doe* v. *Dixon,* 9 East, 15.

The plaintiffs are the legal representatives of the lessor, and

entitled to recover if the lease has terminated. The defend-
ants lawfully claim under the lessee, and are to hold the prem-
ises if the lessee could now hold the same against the lessor.

It appears that the lessee had bought the buildings known by
the name of the Kingston furnace, of the lessor. It became
necessary for the lessee to have the use of the privilege, on
which they stood. That is expressly granted by the lease.
He was to have all the water, from the 1st of September to the
1st of April, annually. He acquired also the use of the land
whereon the furnace and buildings stood, and rights of way,
&c. ; and he was to pay $10 a year for the privilege. So far
there is no difficulty. But for what time were the premises
leased or granted ? The answer, in the words of the lease, is
" so long as the lessee, his heirs and assigns shall keep the fur-
nace and buildings on the premises."

If the furnace and buildings had been destroyed, it would
seem to be very clear, that the lessee, or his heirs and assigns,
might rebuild, and that he or they could not be considered as
terminating the lease because they did not always and contin-
ually in fact keep up the furnace and buildings. Such a con-
struction would never have been contended for, probably, on
the part of the lessor.

Now the furnace has gone down, but the assignees of the
lessee keep the other buildings on the land, and the rent has
been paid and accepted up to the year 1833. At that time it
would seem to be very clear, that both parties to the lease, or
their assigns, considered it to be in full force. We think it
does not appear, affirmatively, that the defendants have aban-
doned the furnace.

The defendants have offered to pay the rent since that time ;
but it has been refused by the plaintiffs. Now the inference
from that circumstance is rather, not only that the defendants
have not abandoned, but that they do not intend to abandon the
contract. And so long as the plaintiffs may have their rent, it
seems to us that the defendants may have and take their own
reasonable time to rebuild the furnace ; which time had not
terminated, as we think, when the action was brought.